**FILED**
**UNITED STATES DISTRICT COURT**

IN THE DISTRICT COURT OF THE UNITED STATES ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO        **SEP 1 4 2010**

**MATTHEW J. DYKMAN**
**CLERK**

10cv1263 JC-WPL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CR No. 08-2436 JC |
| | ) |
| MATTHEW MOWERY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

### MR. MOWERY'S PETITION PURSUANT TO 28 U.S.C. § 2255
### TO VACATE SENTENCE & SET FOR A NEW SENTENCING

---

Matthew Mowery, by and through his undersigned counsel, Bowles and Crow law firm, hereby files his Motion pursuant to 28 U.S.C. § 2255 and asks this Honorable Court to vacate his sentence and to set this matter for a new sentencing. Mr. Mowery seeks this relief on the grounds that he received ineffective assistance of counsel during his plea negotiations and at his sentencing, which resulted in a much longer sentence than he would have received with effective counsel. In support of this motion, Mr. Mowery states as follows:

### A. BACKGROUND

While on release in *United States v. Matthew Eugene Mowery,* Cr. 05-761 JC, Mr. Mowery was charged with the instant matter. In this case, Mr. Mowery pled guilty to possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Assistant United States Attorney James Braun offered Mr. Mowery a 15-year (180-month) plea agreement,

1

pursuant to Rule 11 (C)(1)(c), which would run concurrent in the 2005 case. *See Exhibit* 1, plea

offer.  However, Mr. Mowery's attorney, James Baimonte, advised Mr. Mowery to reject that

plea offer.  *See Exhibit* 2, Statement of Matthew Mowery.  Mr. Baiamonte advised Mr. Mowery

that he could get Mowery less time. *Id.*  Despite that advice, Mr. Baiamonte later gave the final

plea agreement, which was different than Exhibit 1, to Mr. Mowery five minutes prior to his

hearing.  Baiamonte told Mr. Mowery to sign this agreement and not to worry because he had a

deal with Mr. Braun and that Mowery would not get a sentence higher than 15 years. *Id.*  Mr.

Mowery signed this different plea agreement without the stipulated sentencing provision that was

in the rejected plea.  The agreement signed provides:

> "[T]he United States and the Defendant reserve their rights to assert any position
> or argument with respect to the sentence to be imposed, including but not limited
> to the applicability of particular sentencing guidelines and adjustments under the
> guidelines, and whether the sentence imposed in this case should be served
> consecutive to or concurrent with any other sentence."

*Exhibit* 7, Plea agreement at page 6.

Baiamonte always told Mr. Mowery that his case "was a sentencing case, not a plea

case". *See Exhibit* 2, Statement of Matthew Mowery.  During a meeting with Mr. Baiamonte

prior to sentencing, Mr. Mowery informed Mr. Baiamonte that the presentence report incorrectly

stated that the sentence would be consecutive.  Mr. Mowery asked Mr. Baiamonte to challenge

that portion of the PSR.  Baiamonte assured him that the sentences would be run concurrently

because he and Mr. Braun had a deal, and that the Court would go with that agreement. *Id.*[1]  Mr.

Baiamonte filed a sentencing memorandum that was a half of a page long.  This memorandum

cited no law or argument that the sentences should be ran concurrently, nor did it address the

issue Mr. Mowrey raised regarding the PSR. *Exhibit* 3, Sentencing Memorandum.

---

[1] Counsel attempted to obtain recordings of the conversations between Baiamonte and Mowery at Torrence County
Detention Center, but was informed that recordings between attorneys and clients are the only communications that
are not recorded because of the obvious privilege.

At sentencing on February 17, 2010, Baiamonte made no oral arguments on Mr. Mowery's behalf as to the instant case, and made no arguments that his sentence should be served concurrent with his other sentence.  Although the U.S. Attorneys' Office had offered a 15-year (180-month) plea deal, because of counsel's ineffectiveness, Mr. Mowery received a combined 28-year (336-month) sentence. *See Exhibit* 4, Transcript of Sentencing Hearing, Pg. 7, lines 18-25.  When the Court ordered the sentences to run consecutive, rather than concurrent, Mr. Mowery's counsel claims to have misheard the Court and thought the Judge said concurrent, so Mowery's counsel made no argument whatsoever on Mr. Mowery's behalf:

> COURT:  Now we go to United States of America v. Matthew Mowery, Criminal Cause 08-2436.  Is there anything you wish to say on behalf of your client before I impose sentence in this case?
>
> MR. BAIAMONTE:  No, Sir.

*Exhibit* 4, Transcript of Sentencing, Pg. 6, lines 20-22.

> COURT:  As to the indictment, Criminal Cause 08-2436, the defendant Matthew Mowery, is committed to the custody of the Bureau of Prisons for a term of 121 months as to the indictment and 47 months pursuant to 18 United States Code 3147, to run consecutively with each other.  Pursuant to 5G1.3(c), the sentence imposed shall run consecutively to the sentence imposed in District of New Mexico Case Number 05-761.

*Id.* Pg. 7, lines 18-25

> COURT:  I'll make the recommendation to Englewood, Colorado.  I don't think they'll follow it, with the amount of time that he's got, though.
>
> MR. BAIAMONTE:  Thank you, Sir.

*Id.* Pg. 10, lines 11-14.

Mr. Mowery's family who attended the sentencing clearly heard Judge Conway state that the sentences would run consecutively, and the entire family witnessed Baiamonte make no argument for concurrent sentencing and make no objection against consecutive sentencing. *See*

*Exhibit* 5, letters from family who attended the sentencing.  Astonished and confused, Mr.

Mowery's family spoke with Baiamonte after the hearing and asked him about the sentence.

However, Baiamonte assured them not to worry.  *See, id.*  Baiamonte told the family that Mr.

Mowery would receive 10 years but that he would get credit for time served, so that he only had

9 years left. *Id.*  Mr. Mowery called Baiamonte asking about the sentence and Baiamonte said, "I

guess I am the only one that heard concurrent running sentences." *See Exhibit* 6, Letter from

Matthew Mowery at ¶ 3.  Mr. Mowery wrote Mr. Baiamonte after the sentencing asking for an

explanation about what happened, and asking if there was any way to reduce his sentence.

*Exhibit* 6.  Baiamonte's only response to Mr. Mowery was that he had waived his appellate

rights. *Exhibit* 8, Letter from Baiamonte.  Now Mr. Mowery requests that he be given the

opportunity for a re-sentencing with effective assistance of counsel so that the Court can hear

Mr. Mowery's arguments for a concurrent sentence.

## B.  ADVISING MR. MOWERY TO REJECT THE 15 YEAR PLEA WAS INEFFECTIVE ASSISTANCE OF COUNSEL

To state a case of ineffective assistance of counsel, a Defendant must show that counsel's

performance was deficient, and the deficient performance prejudiced the defense.  Counsel's

performance is deficient if it "fell below an objective standard of reasonableness." *Strickland v.*

*Washington*, 466 U.S. 668, 688 (1984).  The Supreme Court has commented, in the context of a

Sixth Amendment choice of counsel case, that the plea process is "part of the defense" and that

counsel can be ineffective where "his mistakes have harmed the defense." *United States v.*

*Gonzalez-Lopez*, 548 U.S. 140, 147, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006); *See also,*

*Williams v. Jones*, 571 F.3d 1086, 1092 (10th Cir. Okla. 2009)(inmate established deficient

performance and prejudice caused by counsel's advice concerning the plea agreement, judgment

of the district court was reversed and remanded with instructions to impose a remedy that came as close as possible to remedying the constitutional violation).

Here, there is no reason why counsel should have advised against the original plea offer of 15 years running concurrently. Such advice could not have been based on a strategic decision, and it undoubtedly harmed the defense, as Mr. Mowery eventually entered into a similar plea with less favorable sentencing terms. Advising against the better plea deal was deficient performance. It was ineffective for Baiamonte to classify Mr. Mowery's case as not being a "plea case", thus not focusing on the type of plea agreement that would be in Mr. Mowery's best interest. The law is clear that the right to effective assistance of counsel is a fundamental right that is present during the entire defense, including the plea negotiation process. Mr. Mowery was prejudiced by the nearly doubled sentence term he received as a result of the ineffective assistance of counsel he received in this case. The prejudice suffered because of counsel's ineffectiveness is further argued in Section C2 *infra*.

### C. FAILURE TO ARGUE FOR A CONCURRENT SENTENCE OR MAKE ANY ARGUMENT WHATSOEVER AS TO SENTENCING IN THE INSTANT CASE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant's right to effective assistance of counsel applies to sentencing hearings just as it does to other stages of the proceeding. *See, Sallahdin v. Mullin*, 380 F.3d 1242, 1244 (10th Cir. Okla. 2004)(Court found "troubling" Sallahdin's assertion that his trial counsel was ineffective for failing to present at sentencing, mitigating evidence of the effects of Sallahdin's steroid use on his behavior at the time of the crime).

1.     Counsel's performance at sentencing was deficient

To prevail on the first prong of the *Strickland* test, a criminal defendant bears the burden of establishing that his trial counsel made errors so serious that counsel was not functioning as

the counsel guaranteed the defendant by the Sixth Amendment. A criminal defendant bears the burden of proving, by a preponderance of the evidence that his trial counsel acted unreasonably. A criminal defendant must show that counsel's representation fell below an objective standard of reasonableness or that counsel's action or inaction was not based on a valid strategic choice. *Sallahdin v. Mullin*, 380 F.3d 1242 (10th Cir. Okla. 2004). In *Wiseman v. Cody,* the record supported findings that the Sixth Amendment right to effective counsel was violated at sentencing when petitioner's plea bargain based on sentences of life and 30 years was not considered at sentencing and he received two life sentences instead. *Wiseman v. Cody*, 1999 U.S. App. LEXIS 20897 (10th Cir. Okla. 1999).

The first prong in *Strickland* is met in this case because the transcript of the sentencing hearing and the letters from the numerous witnesses at the hearing prove by a preponderance of the evidence that Mr. Mowrey's trial counsel acted unreasonably. Here, as in *Wiseman*, the Defendant was given two lengthy sentences instead of one because of counsel's ineffectiveness. Baiamonte did not make a single argument for a concurrent sentence, nor did he object when the Court imposed a consecutive sentence. *See, Jamison v. United States*, 4 Fed. Appx. 88 (2d Cir. N.Y. 2001)(performance was ineffective when attorney failed to argue that defendant should be sentenced under U.S. Sentencing Guidelines Manual § 2A1.2, rather than § 2A1.1); *United States v. Case*, 1999 U.S. App. LEXIS 8398 (2d Cir. N.Y. Apr. 27, 1999)(counsel was ineffective and Defendant was given a new sentencing when counsel did not argue that sentencing policy statements are non-binding, and, more generally, failed to argue for a lenient sentence); *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. Va. 1996)(counsel's error in failing to raise the argument about priors being related for sentencing purposes, was ineffective and would have severely prejudiced defendant because defendant would have been entitled to a

6

lower sentence). Similarly in Mr. Mowery's case, his attorney made no argument as to sentencing on this matter. "[A] party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all". *Evitts v. Lucey*, 469 U.S. 387, 396 (U.S. 1985). Surely the same result would have occurred if Mr. Mowery had no counsel present for his sentencing.

      2.     Mr. Mowery was Prejudiced by Counsel's Deficient Performance

To satisfy the second prong of *Strickland*, the "prejudice" prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *United States v. Smack*, 347 F.3d 533 (3d Cir. Pa. 2003).

Here, Mr. Mowery was prejudiced by counsel's deficient performance because he was incarcerated for an additional 13 years, when there existed legitimate arguments for concurrent sentencing that would have spared him this additional time. Section 5G1.3(C) of the Sentencing Guidelines Manual grants the sentencing Court with the ability to run sentences concurrently, consecutively or even partially concurrent. The plea agreement in this case specifically provided a provision that allowed the United States and the Defendant to make arguments at sentencing about whether to run the sentence concurrent or consecutive. *See Exhibit* 7, page 6. The guidelines manual at §5G1.3 provides several factors counsel should have argued, "in order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity". These factors include the §3553 factors, the length of the undischarged sentence, the time served on the undischarged sentence and the time likely to be served before release. Also, it is persuasive that §5G1.2 requires a sentence to be run **concurrently** when there are multiple

counts and the count carrying the highest statutory maximum is "adequate to achieve the total

punishment". *See. Sentencing Guidelines Manual* §5G1.2(c).  In this case, the Government did

not even make an argument for consecutive sentences.  However, Mr. Mowery's post conviction

rehabilitation, other §5G1.3 factors and the overall purpose and policy of the Federal Sentencing

Guidelines would have made for a strong argument in support of concurrent sentences in this

case.

Courts have stated that the reasonable probability of any decrease in sentence would

establish prejudice. *Smack, supra; See also Glover v. United States*, 531 U.S. 198, 148 L. Ed. 2d

604, 121 S. Ct. 696 (2001) (holding that any reduction in sentence constitutes substantial

prejudice for purposes of *Strickland* analysis).  As such, the prejudice prong of *Strickland* is also

met in this case.  The remedy, in turn, would be to resentence the Defendant, with effective

assistance of counsel. *Smack*, 347 F.3d 533, 540 (3d Cir. Pa. 2003).

### D. DENYING MR. MOWERY EFFECTIVE ASSISTANCE OF COUNSEL AT HIS SENTENING IS A VIOLATION OF HIS DUE PROCESS RIGHTS

A motion brought under 28 U.S.C. § 2255 serves to attack the legality of the detention

and is more like a habeas substitute. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2264 (U.S. 2008);

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  It replaced traditional habeas corpus for

federal prisoners with a process that allows the prisoner to file a motion with the sentencing court

on the ground that his sentence was, *inter alia*, "'imposed in violation of the Constitution or laws

of the United States.'" *United States v. Hayman*, 342 U.S. 205, 207 (1952).  To obtain post-

conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must

prove by a preponderance of the evidence that his sentence was imposed in violation of the

United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence,

that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

Here, the plea agreement, statement from Mr. Mowery, transcript of the sentencing and the letters from the family attending the sentencing prove by a preponderance of the evidence that Mr. Mowery's sentence was effectuated without effective assistance of counsel. The Court did not hear any argument from Mr. Mowery's counsel in support of concurrent sentencing and as a result, Mr. Mowery was prejudiced by being sentenced to an additional 13 years of incarceration, as argued herein. Mr. Mowery is entitled to a re-sentencing because denying him a sentencing hearing with effective assistance of counsel is a violation of his due process rights.

WHEREFORE, Mr. Mowery prays this Court grant his Petition, vacate his sentence and set this matter for a new sentencing date.

Respectfully submitted,

/s/ Jason Bowles
Jason Bowles
BOWLES AND CROW
P.O. Box 25186
Albuquerque, N.M.  87125-5186
(505) 217-2680

I hereby certify that a true and correct copy of the foregoing was submitted through the CM/ECF website email this 14th day of September, 2010 to opposing counsel.

/s/ Jason Bowles
Jason Bowles
BOWLES AND CROW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,     )
                               )
         Plaintiff,         )
                               )
     vs.                   )     CRIMINAL NO. 08-2436 JC
                               )
MATTHEW MOWERY,        )
                               )
         Defendant.      )

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the defendant,

MATTHEW MOWERY, and the defendant's counsel, DONAVON ANTHONY ROBERTS:

## REPRESENTATION BY COUNSEL

1.     The defendant understands his right to be represented by an attorney and is so

represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and

is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The defendant further understands his rights:

     a.     to plead not guilty;

     b.     to have a trial by jury;

     c.     to confront and cross-examine witnesses and to call witnesses in his
              defense; and

     d.     against compelled self-incrimination.

**EXHIBIT**

1

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The defendant hereby agrees to waive these rights and to plead guilty to the

Indictment in this case charging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being

possession with intent to distribute 500 grams and more of a mixture and substance containing a

detectable amount of methamphetamine.

## SENTENCING

4.      The defendant understands that the minimum and maximum penalties the Court

can impose are:

      a.      imprisonment for a period of not less than ten (10) years nor more than
life;

      b.      a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary
gain to the defendant or pecuniary loss to the victim;

      c.      a mandatory term of supervised release of not less than five (5) years that
must follow any term of imprisonment (if the defendant serves a term of
imprisonment, is then released on supervised release, and violates the
conditions of supervised release, the defendant's supervised release could
be revoked – even on the last day of the term – and the defendant could
then be returned to another period of incarceration and a new term of
supervised release);

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

5.      The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that

the sentence shall be imprisonment for a term of 180 months, followed by a term of supervised

release of five (5) years; this sentence shall run concurrent with the sentence to be imposed in

*United States v. Matthew Eugene Mowery*, Cr. No. 05-761 JC.

6.     The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## DEFENDANT'S FACTUAL BASIS

7.     By signing this agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this guilty plea, the United States could prove facts sufficient to establish my guilt of the charge to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charge against me, and declare under penalty of perjury that all of these facts are true and correct:

On September 25, 2008, United States Magistrate Judge W. Daniel Schneider approved a federal search warrant for my residence, 7121 Jaime St. SW in Albuquerque. The warrant was executed later that day. I was at the residence when the warrant was executed. I asked to speak to United States Probation and Pretrial Services Officer Jason Beaty, who was present for the search, and I told Mr. Beaty that there was some methamphetamine in the laundry room. Agents subsequently located methamphetamine in two different locations: 32.3 gross grams in the laundry room (DEA Exhibit 45) and 721.3 gross grams hidden in the eaves of a shed in the back yard (DEA Exhibit 46). The DEA laboratory subsequently confirmed that the substance in Exhibits 45 and 46 was methamphetamine and that the total net weight of the methamphetamine contained in Exhibits 45 and 46 was 682.1 grams (252.6 grams actual). Other drug paraphernalia – a scale, cutting agent, and two canisters with hidden compartments – were also

3

found in the residence and shed. After being advised of my *Miranda* rights and knowingly, voluntarily, and intelligently waiving those rights, I admitted that I had purchased a pound and a half of methamphetamine earlier in the day and that I was going to sell it to another person.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

8.      The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## FORFEITURE

9.      The defendant voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to a 2005 Chevrolet Silverado SS, VIN 2GCEC19N951303856.

10.      The defendant agrees to truthfully assist the United States fully in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

11.      The defendant agrees to waive his right to notice of any forfeiture proceeding involving the above-described property.

12.      The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth

4

Amendment of the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

13.   The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal his conviction and imposition of the sentence agreed to in paragraph 5 of this plea agreement.  In addition, the defendant agrees to waive any collateral attack to his conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

14.   Provided that the defendant fulfills his obligations as set out above, the United States agrees:

a.   That it will not bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment .

b.   That it will not file an Information charging prior conviction under 21 U.S.C. § 851.

15.   This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

16.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

17.     The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

18.     At the time of sentencing, the defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19.     This document is a complete statement of the agreement in this case and may not

be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _____ day of _____, 2009.


GREGORY J. FOURATT
United States Attorney


JAMES R.W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


I have read this agreement and carefully reviewed every part of it with my attorney.  I
understand the agreement and voluntarily sign it.


MATTHEW MOWERY
Defendant


DONAVON ANTHONY ROBERTS
Attorney for Defendant

7



I asked for a new lawyer because the first one would not answer any of my questions, and would show up with no answers no books, nothing. Didn't even know the D.A on my case in which he told me he had talked to the D.A on my behalf several tymes. I wrote Judge Conway. I went to court to ask for a new lawyer, conway practically told me off. He told me I could not just get another lawyer whenever I wanted. Then stated this would be the last lawyer you will be getting. I felt backed in and had no choice but to believe in baiamonte.

When I first met baiamonte he told me my case was a sentencing case and not a plea case. This was told to me more then once. He also advised me to take it to court, because he was the first real lawyer we had. Never once did he advise me to take the 15 yr plea. He told me to sign indictment so we can keep our appeals.

Mr. Baiamonte sent me my PSR and a letter stating he had allready went over my PSR and everything looked correct to him, but when he showed up here he told me it was the first time he had seen it and would like to go over it together. We went over it together and the parts we were going to contest. He showed me in the book where we had the right. (#26 of my criminal History) I also told him to contest the con- secutive part of the PSR. He told me

not to worry, the Judge would go with the plea agreement, and the agreement with Braun.

He told me they can not use my first case against my points, since I was never convicted.

Mr. Baiamonte told me they shouldn't go higher than the 15 yr plea, and that he would argue that they allready offered 15 yrs so why should it go any higher.

Mr. Baiamonte told me there was a 11c on the second case and it was going to run concurrent with first. I asked him to get this in writing and he told me not to worry he has a verbal agreement with braun and that the verbal agreement was binding

I went to sign a plea on his advise. He gave me the plea 5 minutes before my hearing, told me to sign it and not to worry he allready has a deal with braun.

I gave up my appeals so they would not enhance me on a 851. He also told me they couldn't get me on any enhancements. I was still ~~enhanced~~ enhanced.

When we were in court for sentencing he did not say anything to the Judge when the Judge was giving out my sentence. He was writing on a piece of paper, showing me 14yrs and doing the math for good time. Told me in the court room that I have 9yrs after good time. I nudged him, but he told me he was correct. He also told my mother, father, girlfriend her mother and a friend I had 9yrs left.

I talked to baiamonte when I got back from sentencing. He said I guess I'm the only one who heard concurre__ Then he told me braun had called him and asked what happened, it wasn't suppose to run consecutive. After that baiamonte told me not to worry, we sti__ have our appeals. I asked him if he wa__ sure and he told me yes, he was sure. A month later he sent me a letter telling me we have no appeals.

In the courtroom, I told him I have extra certificates, he told me we don't need them, we allready have enough.

Mr. Baiamonte talked to my mother and told her 24yrs was not long. He would not answer any of my calls or my mothers. He didn't want to give up file or any papers we asked for.

I sent a letter to him stating I wanted him to appeal my case. It was sent on 2-24-10

I talked to him and he told me he recieved my UNS on 2-26-10. I did not get it until 3-18-10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   CR 08-2436 JC

MATTHEW MOWERY,

          Defendant.

## SENTENCING MEMORANDUM

**COMES NOW**, Defendant, Matthew Mowery, Defendant by and through his attorney James P. Baiamonte, does hereby submit this Sentencing Memorandum.

Defendant appears before this Honorable Court for his final sentencing. Defendant is facing a mandatory minimum term of imprisonment of ten years. As Defendant committed the instant offense while Defendant was out of custody on conditions of release, Defendant is facing additional mandatory minimum time of 168 to 210 months. PSR, Paragraph 54, Page 16.

The Court has discretion to adjudge the 48 months above the mandatory minimum as the only additional incarceration Defendant should suffer. In other words, Defendant would be ordered to serve 120 months on the instant offense with 168 months concurrently, leaving 48 months for Defendant to serve once his mandatory minimum sentence has been served. That sentence amounts to a 14 year penalty, by no means a trivial or light sentence.

Defendant is also desirous of being afforded an opportunity to attend the 500 hour drug program. It would appear that most, if not all, of Defendant's problems are drug related.

1

EXHIBIT

3

**WHEREFORE**, Defendant respectfully requests a total sentence of 120 months with 168 months running <u>concurrently</u> for a total sentence of 168 months, for referral to the Bureau of Prison's 500 hour drug program, for a recommendation to the Bureau of Prisons of FCI, in Florence, Colorado and any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

*Electronically Submitted, 1/29/09*

JAMES P. BAIAMONTE
Attorney for Defendant
900 Lomas Blvd NW
Albuquerque, NM 87102
505/246-8166
(505) 246-89166

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing Sentencing Memorandum was emailed to counsel of record by CM/ECF this 29th day of January, 2010.

*Electronically Submitted, 1/29/2010*

James P. Baiamonte

2

1

1             IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF NEW MEXICO

3   UNITED STATES OF AMERICA,

4            Plaintiff,

5        vs.                CR-05-00761 JEC
                                 CR-08-02436 JEC

6   MATTHEW EUGENE MOWERY,

7            Defendant.

8           Transcript of Sentencing Hearing before THE
   HONORABLE JOHN EDWARDS CONWAY, Senior United States
9   District Judge, held in Albuquerque, Bernalillo
   County, New Mexico, commencing on Wednesday, February
10  17, 2010, at 10:48 a.m.

11

12               A P P E A R A N C E S

13  For the Plaintiff United States of America:

14      UNITED STATES ATTORNEY'S OFFICE
       District of New Mexico
15     201 Third Street, Northwest, Suite 900
       Albuquerque, New Mexico  87102
16     BY:  MR. JAMES R.W. BRAUN

17  For the Defendant Matthew Eugene Mowery:

18      BAIAMONTE LAW FIRM
       Attorney at Law
19     900 Lomas Boulevard, Northwest
       Albuquerque, New Mexico  87102
20     BY:  MR. JAMES P. BAIAMONTE

21  Probation Officers:  ANITA NEVAREZ and LOYOLA GARCIA

22  Reported by:

23      JULIE GOEHL, RDR, CRR, RPR, RMR, NM CCR #95
       United States Court Reporter
24     333 Lomas Boulevard, Northwest
       Albuquerque, New Mexico  87102
25     (505)348-2209


EXHIBIT
4

2

1                        SENTENCING HEARING

2            THE COURT:   Next matter is United States of

3    America v. Matthew Eugene Mowery, Criminal Cause 08-2436.

4            MR. BRAUN:   James Braun on behalf of the United

5    States.

6            MR. BAIAMONTE:   Good morning, Your Honor.   Jim

7    Baiamonte representing Mr. Matthew Mowery.   Mr. Mowery

8    presents personally before the Court this morning.

9            THE COURT:   All right.   This is Cause Number

10   05-761.   Do you want this sealed, a sealed hearing?

11           MR. BAIAMONTE:   No, sir, I don't believe that's

12   necessary.

13           THE COURT:   All right.   Have you had an

14   opportunity to review the presentence report with your

15   client?

16           MR. BAIAMONTE:   Yes, Your Honor, that has been

17   done.

18           THE COURT:   All right.   Is there anything in the

19   presentence report you specifically wish to call to my

20   attention?

21           MR. BAIAMONTE:   No, sir, nothing in the

22   presentence report.   We make no factual disputes.

23           THE COURT:   All right.   Anything you wish to say

24   on behalf of your client before I impose sentence?

25           MR. BAIAMONTE:   Yes, sir, I would like that

3

1    opportunity. I filed a very brief sentencing memorandum on

2    behalf of Mr. Mowery, and I previously sent to the Court

3    some correspondence and certificates that he has obtained.

4    He is a rather unique individual, Your Honor, and I'm not

5    one given to flowery recitations of clients' good works,

6    but Mr. Mowery does stand out in my mind.

7         He enjoys enormous family support. His father,

8    his mother, his fiancee, and his fiancee's mother are

9    present. He does seem to have kind of gotten a grip on

10   himself in jail. In fact, I even got a Christmas card from

11   Mr. Mowery, and that did not go unnoticed in my estimation,

12   Your Honor, and I hope it doesn't in yours too.

13        He's asking for a sentence, the bare minimum that

14   the Court can adjudge, and that would be a sentence of 120

15   months on the underlying offense with 48 months tacked on

16   to that because he committed the two transgressions while

17   he was out on conditions, or he committed a second

18   transgression while he was out on conditions. Not perhaps

19   the brightest moment in his life, but he seems to really

20   have turned himself around.

21        My client would like the opportunity to attend

22   the 500-hour drug program. He informs me that he would

23   like to change the recommendation that the Court will give.

24   Instead of Florence, Colorado, he would like to be sent to

25   Englewood, Colorado, if that's an appropriate facility.

4

1                   And with that, I believe my client would like to

2          address the Court.

3                   THE COURT:  All right.  Go ahead, sir.

4                   THE DEFENDANT:  Good morning, Your Honor.  First

5          of all, I would like to apologize to my family and to the

6          state of New Mexico.  I want to let you know that I will

7          become a productive member of society and make sure I

8          become an asset instead of a burden to my family and to the

9          state, Your Honor.

10                   THE COURT:  All right.

11                   MR. BRAUN:  Just to clarify, Your Honor, I think

12          right now the defendant is being sentenced in the '05 case.

13                   THE COURT:  Right.

14                   MR. BRAUN:  Mr. Baiamonte's comment about the

15          additional 47 months, that relates to the '08 case.

16                   THE COURT:  Right.

17                   MR. BRAUN:  As the Court is aware, the guideline

18          range for the '05 case is 108 to 135 with a mandatory

19          minimum of 120.

20                   THE COURT:  Right.  The Court has reviewed the

21          presentence report factual findings and has considered the

22          sentencing guideline applications.  The offense level is

23          31.  The criminal history category is I.  Pursuant to

24          5G1.1, the guideline imprisonment range is 120 to 135

25          months.

5

1              The Court notes the defendant possessed with

2     intent to distribute 124.3 net grams of methamphetamine.

3              As to the information, Criminal 05-761, the

4     defendant, Matthew Eugene Mowery, is committed to the

5     custody of the Bureau of Prisons for a term of 120 months.

6     The Court recommends the defendant participate in the

7     Bureau of Prisons 500-hour drug and alcohol treatment

8     program.

9              The defendant is placed on supervised release for

10    a term of five years.  The defendant must comply with the

11    standard conditions of supervised release and the following

12    mandatory conditions:

13             The defendant will submit to DNA collection in

14    compliance with the statutory requirements while

15    incarcerated in the Bureau of Prisons or at the direction

16    of the United States Probation Office.  The defendant shall

17    not possess, have under his control, or have access to any

18    firearm, ammunition, explosive device, or other dangerous

19    weapons as defined by federal, state, or local law.

20             The following special conditions will also be

21    imposed:

22             The defendant will participate in and

23    successfully complete a substance abuse treatment program

24    which may include drug testing, outpatient counseling, or

25    residential placement.  The defendant may be required to

6

1    pay a portion of the cost of treatment and/or drug testing

2    as determined by the Probation Office.

3         The defendant must refrain from the use and

4    possession of alcohol and other forms of intoxicants.  He

5    must not frequent places where alcohol is the primary item

6    for sale.

7         I will not impose a fine.  I will impose a

8    special assessment of $100, which is due and payable

9    immediately.

10         The defendant is a flight risk and a danger to

11    the community; therefore, voluntary surrender will not be

12    granted.

13         Pursuant to 18 United States Code 3742(a), within

14    ten days of the entry of the judgment you have the right to

15    appeal the final sentence of this Court.  You have the

16    right to apply for leave to appeal in forma pauperis if you

17    are unable to pay the cost of an appeal.

18         Now we go to United States of America v. Matthew

19    Mowery, Criminal Cause 08-2436.

20         Is there anything you wish to say on behalf of

21    your client before I impose sentence in this case?

22         MR. BAIAMONTE:  No, sir.

23         THE COURT:  Mr. Mowery, do you have anything you

24    wish to say?

25         THE DEFENDANT:  No, Your Honor.

1          THE COURT:   What?

2          THE DEFENDANT:   No, sir.

3          THE COURT:   All right.   The Court accepts the

4    plea agreement in this case.   The Court has reviewed the

5    presentence report factual findings and considered the

6    sentencing guideline applications and the factors set forth

7    in 18 United States Code Section 3553(a)(1) through (7).

8          The offense level is 34.   The criminal history

9    category is II.   The guideline imprisonment range is 168 to

10   210 months.   The Court notes the defendant possessed with

11   intent to distribute 252.6 grams of methamphetamine.

12         The defendant committed the instant offense while

13   he was on pretrial supervision pending a federal drug

14   charge in United States District Court, District of New

15   Mexico, Cause Number 05-761.   Consequently, the Court will

16   apportion the sentence according to 18 United States Code

17   3147 and United States Sentencing Guideline 3C1.3.

18         As to the indictment, Criminal Cause 08-2436, the

19   defendant, Matthew Mowery, is committed to the custody of

20   the Bureau of Prisons for a term of 121 months as to the

21   indictment and 47 months pursuant to 18 United States Code

22   3147, to run consecutively with each other.

23         Pursuant to 5G1.3(c), the sentence imposed shall

24   run consecutively to the sentence imposed in District of

25   New Mexico Case Number 05-761.

1             The defendant is placed on supervised release for

2    a term of five years.

3             The defendant must comply with the standard

4    conditions of supervised release and the following

5    mandatory conditions:

6             The defendant will submit to DNA collection in

7    compliance with statutory requirements while incarcerated

8    in the Bureau of Prisons or at the direction of the United

9    States Probation Office.

10            The defendant shall not possess, have under his

11    control, or have access to any firearm, ammunition,

12    explosive device, or other dangerous weapons as defined by

13    federal, state, or local law.

14            The following special conditions will also be

15    imposed:

16            The defendant must participate in and

17    successfully complete a substance abuse treatment program

18    which may include drug testing, outpatient counseling, and

19    residential placement.

20            The defendant is prohibited from obstructing or

21    attempting to obstruct or tamper in any fashion with the

22    collection, efficiency, and accuracy of any substance

23    testing device or procedure.

24            The defendant may be required to pay a portion of

25    the cost of treatment and/or drug testing as determined by

1     the Probation Office.

2              The defendant must refrain from the use and

3     possession of alcohol and other forms of intoxicants.  He

4     must not frequent places where alcohol is the primary item

5     for sale.

6              The defendant must submit to a search of his

7     person, property, or automobile under his control, to be

8     conducted in a reasonable manner and at a reasonable time,

9     for the purpose of detecting firearms, ammunition, or other

10    dangerous weapons, alcohol, drugs, or drug paraphernalia at

11    the direction of the probation officer.  He must inform any

12    residents that the premises may be subject to a search.

13             The defendant forfeits his rights, title, and

14    interest in the vehicle listed in Paragraph 4(c) of the

15    presentence report.

16             I will not impose a fine.  I will impose a

17    special assessment of $100, which is due and payable

18    immediately.

19             I find that pursuant to the plea agreement, you

20    have waived all rights you have to appeal the final

21    sentence imposed by this Court under 18 United States Code

22    Section 3742(a).

23             You will be remanded to the custody of the United

24    States Marshals.

25             MR. BAIAMONTE:  Your Honor?


                JULIE GOEHL, RDR, CRR, RMR, NM CCR #95
                   333 Lomas Boulevard, Northwest
                   Albuquerque, New Mexico  87102

10

1          THE COURT:  Yes, sir?

2          MR. BAIAMONTE:  As to the recommendation for

3    place of incarceration of Englewood, Colorado?

4          THE COURT:  Where?

5          MR. BAIAMONTE:  Sir?

6          THE COURT:  Where?

7          MR. BAIAMONTE:  He would like to go to Englewood,

8    Colorado, if that's appropriate, if you could please be so

9    kind as to make that recommendation to the Bureau of

10   Prisons.

11         THE COURT:  I'll make the recommendation to

12   Englewood, Colorado.  I don't think they'll follow it, with

13   the amount of time that he's got, though.

14         MR. BAIAMONTE:  Thank you, sir.

15         (Proceedings concluded at 10:57 a.m.)

16

17

18

19

20

21

22

23

24

25

JULIE GOEHL, RDR, CRR, RMR, NM CCR #95
333 Lomas Boulevard, Northwest
Albuquerque, New Mexico  87102

REPORTER'S CERTIFICATE

I, Julie Goehl, RDR, RPR, RMR, CRR, CCR #95,
Official Court Reporter for the United States of
America, do hereby certify that I did report in
stenographic shorthand the proceedings set forth
herein, and that the foregoing constitutes a true and
correct transcription of the proceedings.

In testimony whereof, I have hereunto set my hand
on this 31st day of March, 2010.

_____

JULIE GOEHL
Registered Diplomate Reporter
Registered Professional Reporter
Registered Merit Reporter
Certified Realtime Reporter
NM Certified Court Reporter #95
333 Lomas Boulevard, Northwest
Albuquerque, New Mexico  87102
Phone:  (505)348-2209
Fax:   (505)348-2215

JULIE GOEHL, RDR, CRR, RMR, NM CCR #95
333 Lomas Boulevard, Northwest
Albuquerque, New Mexico  87102

April 22,2010

On the day of February 17,2010 I Cara brown attended the sentencing
hearing for Matthew Mowery in the court room of US Federal Judge Conway.
It started with Mr. Baiamonte Matthew's court appointed lawyer showing up
seconds before Matthews turn. Taking a few seconds with Matthew before
taking a seat. As they stood addressing the courts Mr. Baiamonte spoke
briefly abut Matthew and a Christmas card. While Judge Conway red his
judgment Mr. Baiamonte not once objected or intervened in any way. After
wards we gathered in a conference room just outside the court room. The first
question I asked Mr. Baiamonte is " Are they running together and what was
the total number of years ". Mr. Baiamonte said "Matthew got a total of nine
years after good time and the time he has served". I clearly asked him again
if they were running concurrent" he said "yes they were he got ten for the first
case and ten for the second plus an extra forty eight months Five years
probation they are running together so it equals nine". He then stated the was
pressed for time and he must go. I thanked him for his time and we all left.
That afternoon Matthew called me and said he just got twenty four years. So I
did a three way call to Mr. Baiamonte's office and there was no answer so
Matthew left a message. Mr. Baiamonte returned our call the following
afternoon saying he wasn't sure what happened he herd concurrent but was
contacted by the US Attorney and was surprised to find out they are running
consecutive. He said he has already filed the appeal and ordered the
transcripts . We asked to have a copy for our own records but still haven't
received it.
We tried to contact Mr. Baiamonte several times since  that day but was
always unsuccessful and never got a call back. Even going by his office many
times. Finally in a last desperate attempt to reduce his sentence we hired a
personal attorney.

Thank You

Cara Brown

EXHIBIT

5

4/22/10

To Whom It May Concern:

On February 17, 2010 I attended Judge Conway court for Matthew Mowery sentencing. As I am not use to the wording of the courts I was anxious to meet with Matthews's attorney (James Baiamonte ) immediately after the sentencing. We met in a side room just outside of the court room, where Mr. Baiamonte proceeded in explaining what Judge Conway had just sentenced Matthew. I asked Mr. Baiamonte the total amount of years Matthew was sentenced. Mr. Baiamonte said the total was 10 years and Matthew will get credit for time served so he only has nine years left.

Needless to say I was totally surprised when I heard that not only did Mr. Baiamonte did not understand the wording of the Judge Conway ruling, but it was Matthew who brought it to Mr. Baiamonte's attention. Then Mr. Baiamonte went to the District Attorney to get clarification of Judge Conway's sentencing of Matthew Mowery.

Thank you

Lorraine Brown

April 22, 2010


To Whom It May Concern:

This letter is my account as to what I remember occurring February 17th, 2010 at Matthew Mowery's sentence hearing.

Matthew's lawyer, Mr. Baiamonte, showed up for court just before the hearing was to begin, not leaving much time to speak with his client. During the sentencing Matthew was given a chance to speak on his own behalf, making a remorseful statement.

As the judge was passing down the sentence giving Matthew 11 years plus the extra time for both charges to run consecutively, I was shocked. Matthew was under the impression that the sentences would run concurrent. Matthew's lawyer did not object or make any statement to the contrary.

After the sentencing Matthew's family and I met with Mr. Baiamonte in a small conference room outside of the courtroom. Cara, Matthew's fiancé asked Mr. Baiamonte how long Matthew would serve and the lawyer told us all standing there that Matthew's sentence was for 11 to 14 years. Then Cara asked him, "So the sentences are being run together". Mr. Baiamonte confirmed this, "Saying yes they are being run concurrent." He also stated that with the time that Matthew has already served plus any programs Matthew chooses to do while in prison would help get him out early. He made the statement that Matthew could very possibly get out after 7 to 9 years.

It seemed to me that Mr. Baiamonte was in a hurry to get to another appointment instead of making everything clear to Matthew or his family.

This is what I remember as well as possible.

Sincerely


Dawn M. Harris



T whom it may concern:                                     4/26/2010

On March 17th my son, Matthew E Mowery went in front of judge
Conway.  To be sentenced.

His Lawyer Mr. Belmonte,  stood in front of the judge and told
him
what a good person he was, because he had sent him a Christmas
card.  Never said a word in his defense.

I couldn't really hear the judge read his sentence, talking very low.
When it was over I asked to speak to Mr. Baiamonte, he
commented
he was very busy but would give me a minute.
I ask him exactly what was the sentencing, he   said he got 9 years
Didn't have any more time.

His lawyer didn't even have a clue what was said.  What kind of
defense is that.

The very start my son didn't have a chance, first Hank Farrah
got  sick and didn't remember who matt was, or what was going
on.
Then he got Dovan Roberts, he wouldn't give Matt any
information on what was happening.  I also gave him a call and he
couldn't answer any of my questions
So he was appointed Mr. Baiamonte,  who didn't advise him at all.
Matthew was told he could not have another lawyer, whether he
was happy with him or not.  Baiamonte was his last.

Where are my sons rights?

MerleAnn Craig

**August 4, 2010**

Dear Mr. Baiamonte,

    I am writing you in the hopes that I can in some way reduce my sentence of 24 years.  I have been advised that the only way I have open for me is through filing under Ineffective Aide of Counsel.

    In order to do so I would appreciate a letter from you stating that during my defense there were some crucial mistakes made concerning the following areas:

    1)  I was advised not to take the 15 year plea bargain because you could get me less time.

    2)  You explained to me I would be given 14 years which I agreed to but wanted in writing.  You told me that a written agreement was unneccessary, that it was agreed to by everyone.

    3)  In court, after sentencing, you told me and my family that I was sentenced to 14 years.  Later, after calling you about the 24 years sentence, you said, "I guess I am the only one that heard concurrent running sentences."

    4)  You also informed me that the District Attorney had just called you confused about what you had agreed to for me.

    5)  You also advised me at that time not to worry because you would be able to appeal.  Then later informed me in a letter that I had no options to appeal.

    I am not looking to condemn or blame anyone, but just trying to reduce my sentence.  With your help and a letter explaining those 5 areas it will help me, I believe, to have a chance at reducing my sentence. I would appreciate your help with this and a response as quickly as possible since I am under a time constraint.  Thank you for your time and help.

*Matthew Mowery*
Matthew Mowery

EXHIBIT

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 2 2009

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 08-2436 JC |
| MATTHEW MOWERY, | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

MATTHEW MOWERY, and the Defendant's counsel, JAMES P. BAIAMONTE:

**REPRESENTATION BY COUNSEL**

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2.      The Defendant further understands the Defendant's rights:

a.      to plead not guilty, or having already so pleaded, to persist in that plea;

b.      to have a trial by jury; and

c.      at a trial:

1)      to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

**EXHIBIT**

**7**

3)    to testify and present evidence on the Defendant's own behalf, and

4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to the Indictment in this case charging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

## SENTENCING

4.    The Defendant understands that the minimum and maximum penalty the Court can impose is:

a.    imprisonment for a period of not less than ten (10) years nor more than life;

b.    a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

c.    a mandatory term of supervised release of not less than five (5) years that must follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.    a mandatory special penalty assessment of $100.00; and

2

   e.  restitution as may be ordered by the Court.

  5.  The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

  6.  The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

### DEFENDANT'S ADMISSION OF FACTS

  7.  By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

  On September 25, 2008, United States Magistrate Judge W. Daniel Schneider approved a federal search warrant for my residence, 7121 Jaime St. SW in Albuquerque. The warrant was executed later that day. I was at the residence when the warrant was executed. I asked to speak to United States Probation and Pretrial Services Officer Jason Beaty, who was present for the search, and I told Mr. Beaty that there was some methamphetamine in the laundry room. Agents subsequently located methamphetamine in two different locations: 32.3 gross grams in the

3

laundry room (DEA Exhibit 45) and 721.3 gross grams hidden in the eaves of a shed in the back yard (DEA Exhibit 46).  The DEA laboratory subsequently confirmed that the substance in DEA Exhibits 45 and 46 was methamphetamine and that the total net weight of the methamphetamine contained in Exhibits 45 and 46 was 682.1 grams (252.6 grams actual).  Other drug paraphernalia – a scale, cutting agent, and two canisters with hidden compartments – were also found in the residence and shed.  After being advised of my *Miranda* rights and knowingly, voluntarily, and intelligently waiving those rights, I admitted that I had purchased a pound and a half of methamphetamine earlier in the day and that I was going to sell it to another person.  I hereby admit that I possessed with the intent to distribute both quantities of methamphetamine found in my residence on September 25, 2008 (DEA Exhibits 45 and 46).

       8.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty.  The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

      a.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of three levels from the base offense level as calculated under the sentencing guidelines.

4

b.      The Defendant recognizes that this plea agreement has already conferred a

benefit on the Defendant.  Consequently, in return for the benefit conferred

on the Defendant by entering into this agreement, the Defendant agrees not

to seek a downward departure or variance from the applicable sentencing

guideline range as determined by the Court after the Court resolves any

objections by either party to the presentence report.  In other words, the

Defendant agrees that a sentence within the applicable guideline range is a

reasonable sentence.  If the Defendant, in violation of this paragraph,

should nevertheless seek a downward departure or variance, including a

departure or variance from the guideline Criminal History Category, the

United States shall have the right to treat this plea agreement as null and

void and to proceed to trial on all charges before the Court.

c.      Except under circumstances where the Court, acting on its own, fails to

accept this plea agreement, the Defendant agrees that, upon the

Defendant's signing of this plea agreement, the facts that the Defendant

has admitted under this plea agreement as set forth above, as well as any

facts to which the Defendant admits in open court at the Defendant's plea

hearing, shall be admissible against the Defendant under Federal Rule of

Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal

trial, and the Defendant expressly waives the Defendant's rights under

Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence

5

410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

d.      Apart from the stipulations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines, and whether the sentence imposed in this case should be served consecutive to or concurrent with any other sentence.

9.      The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.

6

The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## FORFEITURE

11.     The defendant voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to a 2005 Chevrolet Silverado SS, VIN 2GCEC19N951303856.

12.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

13.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

14.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

15.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the

7

Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

### GOVERNMENT'S AGREEMENT

16.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that it will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

17.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### VOLUNTARY PLEA

18.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

19.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

20.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

21.     This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 22 day of October , 2009.

GREGORY J. FOURATT
United States Attorney


JAMES R.W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


JAMES P. BAIAMONTE
Attorney for the Defendant


I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.


MATTHEW MOWERY
Defendant

9

# JAMES P. BAIAMONTE

ATTORNEY AT LAW
900 LOMAS BLVD NW
ALBUQUERQUE, NM 87102
(505) 246-8166 Facsimile (505) 848-8566

March 18, 2010

LEGAL MAIL

Mr. Matthew Mowery,#1277704
c/o Torrence County Detention Center
PO Box 837
Estancia, NM 87016

Dear Matthew:

    I am afraid I have some bad news. Enclosed for your convenience, please find your plea agreement in the 2008 case. As you can clearly see, you waived your appellate rights. This is true also of the 2005 case. Pursuant to your demand, I nonetheless, filed your Notice of Appeal and all the accompanying documents necessary to effect your appeal, of which I am enclosing.

Sincerely,

Jim Baiamonte

JB:clm
Enclosures

EXHIBIT

8