IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 CV 10-1263 JEC/WPL
                                                        CR 08-2436 JEC

MATTHEW MOWERY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Matthew Mowery's Petition Pursuant to 28 U.S.C. § 2255 to Vacate Sentence and Set for a New Sentencing. (Doc. 1.)[1] Since Mowery's claim may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that the motion be denied.

### PROCEDURAL & FACTUAL BACKGROUND

In 2005, Mowery pled guilty to a single count of possession with intent distribute methamphetamine. (Doc. 4 at 2 (citing Cr. No. 05-761 JC).) He was initially detained but ultimately was released to his mother's home. (*Id.* (citing Docs. 16 & 25 in Cr. No. 05-761 JC).) In 2008, while Mowery was on release pending sentencing in the 2005 case, the Drug Enforcement Administration ("DEA") obtained a warrant and searched Mowery's home. (*Id.*) The DEA discovered methamphetamine inside his home, and Mowery admitted to purchasing the methamphetamine with the intent to sell it later that day. (*Id.*) He was taken into custody and

---

[1] All citations are to documents filed in CV 10-1263 JEC/WPL unless otherwise indicated.

charged in federal court with one count of possession with intent to distribute. (*Id*. at 2-3 (citing Doc. 1 in Cr. No. 08-2436 JC).)

Assistant United States Attorney James Braun offered Mowery a plea agreement, which stipulated to a fifteen year sentence to run concurrently with his sentence from the 2005 case.[2] (Doc. 1 at 1-2; Doc. 1 Ex. 1 at 2.) Mowery alleges that his attorney, James Baiamonte, advised him to reject the plea offer because he believed he could get Mowery "less time." (Doc. 1 at 2; Doc. 1 Ex. 2.) Baiamonte ultimately advised Mowery to accept an alternative plea agreement, which Mowery alleges has less favorable terms. (*See* Doc. 1 at 2. *Compare* Doc. Ex. 1 at 2, *with* Doc. 1 Ex. 7 at 2-3, 6.) Notably, the final plea did not state that the sentences would run concurrently; the agreement only reserved the parties' rights to make arguments regarding sentencing. (Doc. 1 Ex. 7 at 6.) Mowery claims that his attorney gave him the final plea agreement five minutes before the change of plea hearing and told him that "he had a deal with Mr. Braun and that Mowery would not get a sentence higher than fifteen years." (Doc. 1 at 2.)

Mowery also claims that, during a meeting with Baiamonte several days prior to sentencing, he noticed that the presentence report ("PSR") "incorrectly stated that the sentence would be consecutive." (*Id.*; *see also* Doc. 6 Ex. 2 at 6, 18 (stating that since defendant committed the offense while on pretrial release, the sentence enhancement pursuant to 18 U.S.C. § 3147 applies, which requires that any sentence imposed under this statute must run consecutively to any other sentence.)) Mowery asked Baiamonte to object to the recommendation for consecutive sentences. (*Id*.) Baiamonte told Mowery that the sentence

---

[2] Braun initially extended this plea offer to Mowery through attorney Hank Farrah, whom the Court appointed in 2004 to represent Mowery in the first criminal matter. (Doc. 4 at 2-3.) On February 11, 2009, the Court appointed Donovan Roberts to replace Farrah, and Braun extended the plea agreement via Roberts. (Doc. 4 at 3.) On July 20, 2009, Mowery requested that the Court appoint new counsel, and the Court appointed Baiamonte. (*Id*.) Braun then extended the same offer via Baiamonte. (*Id*.)

would be concurrent because of the "deal" with Braun. (*Id*.) On January 29, 2010, Baiamonte filed a Sentencing Memorandum with the Court, which requested that the sentences run concurrently. (Doc. 1 Ex. 3 at 2.) The memorandum does not address or object to the PSR or its recommendation for consecutive sentences. (*Id*. at 1-2.)

On February 17, 2010, the Honorable Judge John E. Conway sentenced Mowery in both the 2005 and 2008 criminal cases. (Doc. 1 Ex. 4.) At the outset of the hearing, Judge Conway asked Baiamonte if he had reviewed the PSR and whether he would like to bring anything contained in the PSR to the Court's attention. (*Id.* at 2). Baiamonte responded "No, sir, nothing in the presentence report. We make no factual disputes." (*Id*.) He then noted that he had filed a Sentencing Memorandum and informed the Court that he was requesting 168 months, but he failed to request that the sentence run concurrently with the sentence in the 2005 case. (*Id*. at 3.) Judge Conway then sentenced Mowery to 120 months imprisonment in the 2005 case (*id*. at 4) and 168 months imprisonment in the 2008 case (*id*. at 6). He ordered that the terms run consecutively pursuant to Sentencing Guideline 5G1.3(c), for a total of 288 months imprisonment. (*Id*. at 7.) Baiamonte at no point objected to the sentence, although he did request that Mowery be housed in a facility in Englewood, Colorado. (*Id*. at 9-10.) He later informed his client that he thought he heard Judge Conway ordered that the sentences run concurrently. (Doc. 1 at 4.)

After the hearing, Mowery's family spoke with Baiamonte about the sentence, and he told them "not to worry" and that Mowery would only serve ten years. (Doc. 1 at 4; Doc. 1 Ex. 5.) On March 18, 2010, Baiamonte wrote his client with "some bad news," explaining that he could not appeal. (Doc. 1 Ex. 8.) Mowery obtained new counsel and filed this § 2255 habeas petition on May 29, 2010. (Doc. 1.) Due to clerical oversight, the case was not properly filed,

3

and lingered in the Clerk's Office for almost two years. Mowery's counsel alerted the Court to the delay, and United States was immediately ordered to answer. (Doc. 2.) The United States filed an answer in opposition to his petition. (Doc. 4.) Mowery did not file a response. The Court entered an order of reference, requesting that I make findings of fact, conduct legal analysis, and recommend an ultimate disposition in this matter. (Doc. 3.)

## LEGAL STANDARDS

### I. Evidentiary Hearing

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of 'alleging facts which, if proved, would entitle him to relief.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (citations omitted). Accordingly, if the prisoner alleges facts, which, if believed, cannot be grounds for relief, there is no need for a hearing. *Id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

Mowery's ineffective assistance of counsel claims may be resolved on the record alone, so I will not hold an evidentiary hearing in this matter.

### II. Appellate and Collateral Attack Waivers

It is well settled that a criminal defendant's waiver of the right to appeal contained in a plea agreement is enforceable so long as he knowingly and voluntarily entered into the agreement. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United*

*States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1988). Likewise, a waiver of the right to collaterally attack a sentence pursuant to § 2255 is enforceable so long as it, too, is voluntarily and knowingly made. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

Mowery's plea agreement includes a section entitled "Waiver of Appeal Rights" that waives the right to appeal or collaterally attack the conviction, "except on the issue of ineffective assistance of counsel." (Doc. 1 Ex. 7 at 7-8.) Since he expressly reserved the right to bring an ineffective assistance of counsel collateral attack, I may hear this matter.

### III.     Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, Mowery must satisfy a two-pronged test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This requires a showing that the performance is "completely unreasonable, not simply wrong." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000) (citations omitted). Completely unreasonable advice is advice that is clearly legally erroneous. *See Lafler v. Cooper*, --- U.S. ---, 132 S. Ct. 1376, 1384 (2012); *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009) (holding counsel's advice that client "would be committing perjury by accepting the plea offer" and threatening to withdraw from the case if client accepted plea agreement amounts to deficient performance). However, where the advice is not legally erroneous but only wrong, it is not constitutionally deficient. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995). Further, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Judicial scrutiny of counsel's performance is highly deferential, and the Court must

apply a strong presumption that the attorney acted within the range of "reasonableness." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 778 (2011); *Strickland,* 466 at 689.

At the second prong, Mowery must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. If Mowery cannot satisfy the first prong, then the Court's inquiry will end there. *Fox*, 200 F.3d at 1295 ("An ineffective assistance claim may be resolved on either performance or prejudice grounds alone.").

## DISCUSSION

Mowery brings two claims under ineffective assistance of counsel. The first claim is that Baiamonte advised him to reject the initial plea offer, which contained a fifteen year, concurrent sentence. (Doc. 1 at 4). His second claim is that Baiamonte failed to make any arguments for a concurrent sentence at the sentencing phase. (*Id.* at 5.) Because Mowery cannot establish that Baiamonte's performance was unreasonable under *Strickland*'s first prong at either the plea bargaining or sentencing phases, the petition should be denied.

### I.    Claim One: Advice Not to Take the Initial Plea

Baiamonte advised Mowery against the United States' initial plea offer, and Mowery claims that this advice was constitutionally defective. (*Id.* at 4.) It is well settled that a criminal defendant is entitled to effective assistance of counsel at the plea bargaining stage. *Lafler*, 132 S. Ct. at 1384; *Padilla v. Kentucky*, --- U.S. ---, 130 S. Ct. 1473, 1480-81 (2010). Mowery argues that Baiamonte had "no reason" to advise him against taking the first plea agreement and that it "could not have been based on a strategic decision . . . ." (*Id.* at 5.) His assertion that Baiamonte was not thinking strategically is not only conclusory but also undermined by a previous

statement in his petition, in which he claims that Baiamonte told him to reject the plea because he could get Mowery "less time." (*Id*. at 2.) Thus, Baiamonte did have a strategic reason to advise Mowery to reject the plea; he believed he could get Mowery a shorter sentence.

Ultimately, Mowery's argument is that Baiamonte gave Mowery bad advice by estimating that he could procure a lesser sentence. Baiamonte's belief that he could negotiate a better deal is not legally erroneous nor is it objectively unreasonable. Therefore, Mowery's first claim must fail.

## II.     Claim Two: Failure to Object to Consecutive Sentences

Mowery's second ground for relief is based on Baiamonte's alleged failure to make any argument for a concurrent sentence or object to the Court's imposition of a consecutive sentence during the sentencing hearing. (Doc. 1 at 5.) This claim is factually unfounded. Baiamonte did make an argument for a concurrent sentence in the Sentencing Memorandum, which he filed prior to the hearing. (Doc. 1 Ex. 3 at 2.) For the purposes of ineffective assistance of counsel, the constitutional inquiry rests on whether an argument was made, not whether it was successful. *Moore v. Reynolds*, 153 F.3d 1086, 1117 n.3 (10th Cir. 1998). Since Baiamonte did argue for a concurrent sentence in his sentencing memorandum, this, too, is not a valid basis for habeas relief.

Even if I narrowly interpret Mowery's argument to be that Baiamonte failed to object to the PSR's recommendation for consecutive sentences prior to or during sentencing, he still fails to satisfy the first *Strickland* prong. Mowery allegedly instructed his counsel to file objections to the PSR's recommendation for consecutive sentences (*see* Doc. 1 at 2), but Baiamonte never

filed objections.[3] However, a counsel's failure to object to a PSR can only amount to deficient performance when the objection is meritorious. *See United States v. Sanders*, 372 F.3d 1183, 1186 (10th Cir. 2004); *United States v. Malone*, Cr. No. 09-20159-01-KHV, Cv. No. 11-2216-KHV, 2012 U.S. Dist. LEXIS 13876, at *11-14 (D. Kan. Feb. 6, 2012).

Mowery does not specify the legal basis on which Baiamonte should have objected to the PSR, let alone that any objection to the PSR would have been meritorious. In fact, he only claims that Baiamonte could have made "legitimate arguments for concurrent sentencing that would have spared him" a consecutive sentence (Doc. 1 at 7.) Making legitimate arguments for concurrent sentencing under the guidelines is not the same as challenging the legitimacy of the PSR. His only real challenge to the PSR comes from the "Background" portion of his motion, which states that the PSR's inclusion of the word "consecutive" was in error. (Doc. 1 at 2.) However, he offers no support for this assertion. *See generally United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (holding conclusory allegations not a basis for ineffective assistance of counsel).

---

[3] A sentencing memorandum can serve as an objection to a PSR when it is clear from the content of the memorandum and from counsel that the memorandum was intended to serve such a function. *See United States v. Williams*, 612 F.3d 500, 516-17 (6th Cir. 2010) (holding a sentencing memorandum functioned as an objection to a PSR because it was the attorney's intent, it addressed the PSR directly, and during sentencing the attorney asked the court to construe it as such); *United States v. Williams*, Case No. 08-20141,10-2165, 2010 U.S. Dist. LEXIS 93544, at *7 (D. Kan. Sept. 8, 2010) (holding a sentencing memorandum was a valid objection to the PSR because it directly challenged the PSR's information and the court expressly considered the objection and received evidence on the matter); *United States v. Torres-Cisneros*, No. 05-40091-01-SAC, 07-4044-SAC, 2007 U.S. Dist. LEXIS 74519, at *10 (D. Kan. Oct. 4, 2007) (finding that a lengthy sentencing memorandum arguing that sentencing guidelines justify a lower sentence than the one recommended in the PSR constituted a valid objection to the PSR). Baiamonte's Sentencing Memorandum does not constitute an objection to the PSR. Nowhere does it state that it is an objection; it does not mention the PSR; it does not mention the recommendation that the sentence run consecutively; when the Court asked Baiamonte if he disputed the PSR, Baiamonte said no. (Doc. 1 Ex. 3; Doc. 1 Ex. 4 at 2.) Thus, Baiamonte never objected to the PSR.

Furthermore, an investigation into the PSR reveals no manifest error in the recommendation for consecutive sentences. The PSR states that a sentence enhancement pursuant to 18 U.S.C. § 3147 is appropriate because he committed the 2008 crime while on pretrial release. (Doc. 6 Ex. 2 at 18.) Furthermore, the PSR correctly notes that "[a]ny sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment." (*Id.*; 18 U.S.C. § 3147 (2006).) Given that the PSR properly relies upon and applies the statute, it does not appear that any objection to the PSR would have been meritorious, so the absence of an objection cannot be grounds for relief.

Ultimately, even if I were to construe Mowery's second argument as liberally as possible, each avenue for potential relief meets a dead end. Baiamonte did make an argument for concurrent sentences, which makes his performance constitutionally reasonable. While he did not object to the PSR, there is no basis to believe that the objection would have been meritorious, so a failure to object is, likewise, not constitutionally unreasonable.

## CONCLUSION

Baiamonte was certainly less than attentive during the sentencing hearing if he truly did not hear Judge Conway say "consecutive." However his performance does not rise to the level of constitutional inadequacy. Since his advice to reject the plea was not legally erroneous and he did make an argument for concurrent sentencing, Mowery does not have a valid claim for ineffective assistance of counsel. Since Mowery has not substantiated a constitutional violation, I recommend that the Court deny his § 2255 petition. (Doc. 1.) Furthermore, I recommend that a certificate of appealability not be issued. See 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.