IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. CV 10-1263 JP/WPL
                                                             CR 08-2436 JP

MATTHEW MOWERY,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e) (CV Doc. 18; CR Doc. 71) filed on January 6, 2014. The motion asks the Court to alter or amend its order dismissing Defendant's earlier Motion for Relief from Final Judgment Under Fed.R.Civ.P. 60(b)(4) (CV Doc. 16; CR Doc. 68). Specifically, Defendant asks the assigned Judge "to recuse himself, assign the case to a different judge, . . . make a ruling on Defendant's claim of a conflict of interest," and set an evidentiary hearing. The Court will dismiss the motion for lack of jurisdiction.

In his § 2255 motion, Defendant claimed that his attorney provided ineffective assistance in plea negotiations and at sentencing. The Court dismissed the § 2255 motion on the merits (CV Doc. 10; CR Doc. 62).[1] In his rule 60(b) motion, Defendant asserted that " 'defect[s] in the integrity of the [§ 2255] proceedings,' " *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir.

---

[1] The Court notes, again, that Defendant appealed the dismissal of his § 2255 motion, (CV Doc. 11; CR Doc. 63), and the Tenth Circuit Court of Appeals dismissed the appeal. *See United States v. Mowery*, 512 F. App'x 824, 830 (10th Cir. 2013). The Tenth Circuit's docket, *see* https://ecf.ca10.uscourts.gov, does not indicate issuance of a mandate, and the appellate dismissal order is not entered on this Court's docket.

2006), deprived him of " 'the opportunity to be heard,' " *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), in violation of his due process rights.  The Court dismissed Defendant's rule 60(b) motion for lack of jurisdiction as a second or successive § 2255 motion.

Now, in his rule 59(e) motion, Defendant's central assertion is that the assigned Judge's rulings on the § 2255 motion and the rule 60(b) motion resulted from a conflict of interest.  He asserts that the Court's ruling on the rule 60(b) motion ignored his factual allegations and denied him an evidentiary hearing.  To the contrary, the Court reviewed the rule 60(b) motion and concluded that Defendant's allegations amounted to " 'attacking the district court's analysis of the merits.'  *In re Lindsey*, 582 F.3d at 1176 (10th Cir. 2009)."  As a result, the Court had no jurisdiction to consider the rule 60(b) motion.

Defendant's rule 59(e) motion again attacks the Court's ruling on the § 2255 motion and, therefore, "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).  The motion " 'seek[s] vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim," *Spitznas*, 464 F.3d at 1216 (citing *Gonzalez*, 545 U.S. at 531); in other words, again, "the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding," *In re Pickard,* 681 F.3d 1201, 1206 (10th Cir. 2012).  Under these standards, Defendant's rule 59(e) motion is another second (or a third) or successive § 2255 motion.  *See United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (ruling on a rule 59(e) motion).  "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."  *United States v. Nelson*,

465 F.3d at 1148.  According to the ruling in *Nelson*, the Court will dismiss the motion for lack of jurisdiction.  Further filings by Defendant in this § 2255 proceeding, other than a notice of appeal, may result in imposition of filing restrictions.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e) (CV Doc. 18; CR Doc. 71) filed on January 6, 2014, is DISMISSED for lack of jurisdiction; and other pending motions are DENIED as moot.

*James A. Parker*

_____
SENIOR UNITED STATES DISTRICT JUDGE

3